IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NEHEMIAH ROLLE, JR.,**

    **Plaintiff,**

    v.

**CASE NO. 2:20-cv-35**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Chelsea M. Vascura**

**JAMES L. KIMBLER,**

    **Defendant.**

### OPINION AND ORDER

This action was initiated by *pro se* plaintiff, Nehemiah Rolle, Jr. ("Plaintiff"), against defendant, James L. Kimbler ("Defendant"), who presided over Plaintiff's traffic court proceedings as a visiting municipal court judge in the Medina County Court of Common Pleas. (ECF No. 1). Defendant has moved to dismiss Plaintiff's Complaint, in relevant part, for lack of subject matter jurisdiction. (ECF No. 4). Plaintiff has not responded, and the period for filing a response has expired. For the reasons that follow, Defendant's Motion to Dismiss is **GRANTED**. (ECF No. 4).

**I**

This action was initially filed in the Potter Stewart U.S. Courthouse in Cincinnati before Judge Dlott. (Case No. 1:19-cv-1014). Defendant moved for transfer of venue in that case, and Plaintiff did not oppose. (*Id.*, ECF No. 3). Consequently, Judge Dlott granted Defendant's motion and transferred this case to the undersigned. (*Id.*, ECF No. 6). Plaintiff filed his Complaint on November 26, 2019 and Defendant moved for dismissal of the Complaint on December 10, 2019. (Case No. 2:20-cv-35, ECF No.s 1 & 4). Plaintiff has not responded.

1

A cursory review of the Court's docket reveals that the Complaint filed in this suit is the latest in a line of numerous civil actions initiated by Plaintiff against numerous state court judges. (*See* Case No.s 1:19-cv-821, 1:19-cv-944 & 1:19-cv-115). These cases arise from various traffic court proceedings over which the judges presided. (*Id.*). With respect to this case in particular, Plaintiff appears to allege that the issues in this case arise from two Morrow County Municipal Court traffic cases: 2019-TRD-3122 and 2019-TRD-3123. (Case No. 2:20-cv-35, ECF No. 1 at 8).

Although Plaintiff's Complaint is devoid of specific factual allegations, he nevertheless alleges that Defendant engaged in certain acts during the traffic court proceedings that violated his constitutional rights. (*Id.* at 3). While not entirely clear from the face of Plaintiff's Complaint, he appears to allege that Defendant violated his constitutional rights through obstructing justice, concealing evidence, filing fraudulent papers and committing perjury. (*Id* at 3-4). Plaintiff also alleges that Defendant's slanderous and libelous behavior destroyed his reputation as a NAACP member. (*Id* at 4). Moreover, Plaintiff alleges that Defendant refused to apply facts and evidence and allowed perjurious testimony during the proceedings. (*Id* at 4-5). According to Plaintiff, all of these acts occurred while Defendant was acting under his official capacity as a visiting municipal court judge in the Medina County Court of Common Pleas [sic]. (*Id.* at 3). Consequently, Plaintiff alleges that he is entitled to "equitable relief and a declaratory judgment" addressing and rectifying the alleged constitutional violations in this case. (*Id.* at 6).

**II**

Defendant argues that Plaintiff's Complaint should be dismissed for three primary reasons. (ECF No. 4). Defendant argues, first, that dismissal is proper under Federal Rule of Civil Procedure 12(b)(1) because the Eleventh Amendment to the United States Constitution bars Plaintiff's claims, therefore divesting this Court of subject matter jurisdiction. (*Id*. at 1). Defendant argues, second, that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6) because

the Complaint wholly fails to state a claim for which relief can be granted. (*Id*.). And Defendant argues, third, that dismissal is proper because absolute judicial immunity shields him from each of Plaintiff's claims. (*Id*.). This Court agrees.

Plaintiff has not responded to Defendant's motion, and, consequently, Plaintiff appears to concede that dismissal of his Complaint is proper. *See Conrad v. U.S. Bank Nat'l Ass'n,* 391 F. Supp. 3d 780, 791-792 (S.D. Ohio June 19, 2019) (explaining that a plaintiff appears to acquiesce in dismissal of his claim when he fails to respond to an opposing party's argument for dismissal); *see also Wood v. U.S. Bank Nat'l Ass'n*, Case No. 5:17-cv-2234, 2019 U.S. Dist. LEXIS 44901, *6-7 (N.D. Ohio Mar. 19, 2019) (finding that "[a] party waives opposition to an argument by failing to address it in her responsive brief"). In any case, Plaintiff's claims fail on the merits because they cannot survive Defendant's Rule 12 challenges.

### A. Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits dismissal of a complaint for lack of subject matter jurisdiction. *WCI, Inc. v. Ohio Dep't of Pub. Safety*, Case No. 3:17-cv-282, 2020 U.S. Dist. LEXIS 73373, at *4 (S.D. Ohio Apr. 27, 2020). This is so because, when the Eleventh Amendment applies, courts lack subject matter jurisdiction over the claims it bars. *Doe v. DeWine*, 910 F.3d 842, 848 (6th Cir. 2018) ("the Eleventh Amendment is a true jurisdictional bar, Defendants' entitlement to sovereign immunity must be decided before the merits.").

In challenging a court's subject matter jurisdiction under Rule 12(b)(1), a defendant has two primary options: he may facially attack the complaint, by testing the sufficiency of the pleading itself, or he may factually attack the complaint by arguing that the existence or non-existence of certain facts deprives the court of subject matter jurisdiction. *See DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

An assertion of Eleventh Amendment immunity, which has been asserted here, constitutes a factual attack. *See Giorgadze v. Tenn. Tech. Ctr.*, Case No. 2:06-cv-264, 2007 U.S. Dist. LEXIS 58837, at *5-6 (E.D. Tenn. Aug. 10, 2007). When "considering a factual attack upon the court's jurisdiction, no presumption of truth applies to the plaintiff's factual allegations, and the court is free to weigh the evidence and resolve factual disputes so as to satisfy itself as to the existence of its power to hear the case." *Id.* (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)).

Defendant argues that dismissal is proper because the Eleventh Amendment to the United States Constitution acts as a bar to Plaintiff's claims. (ECF No. 4 at 1). According to Defendant, Plaintiff brought this action against him in his official capacity which constitutes a suit against the State of Ohio. (*Id.* at 6). Defendant argues further that Plaintiff's claims against him in his official capacity are, consequently, barred by the Eleventh Amendment, unless Ohio consents to his action or Congress provides otherwise. (*Id.*). For these reasons, Defendant maintains that his Eleventh Amendment immunity divest this Court of jurisdiction which therefore subject's Plaintiff's claims to dismissal under Federal Rule of Civil Procedure 12(b)(1). (*Id.* at 5-6). This Court agrees.

A suit against a government official in his official capacity is treated as a suit against the government entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). The Sixth Circuit has explained several times over that Ohio county and municipal courts are arms of the state and therefore are immune from suit under the Eleventh Amendment. *See Mumford v. Basinski*, 105 F.3d 264, 270 (6th Cir. 1997); *see also Whorton v. Cognitians*, LLC, Case No. 19-cv-3488, 2019 U.S. App. LEXIS 36514, at *4 (6th Cir. 2019) ("[T]he district court properly dismissed with prejudice all claims against the Dayton Municipal Court, because Ohio state courts, including municipal courts, are entitled to Eleventh Amendment Immunity from suit."); *Howard v. Preble COI Sherrff*, Case No. 3:18-cv-410, 2019 U.S. Dist. LEXIS 137880, at *16-17 (S.D. Ohio Aug.

4

15, 2019) ("[T]o the extent [the] [p]laintiffs purport to assert a claim against the Eaton Municipal Court . . . such [a] claim[] [is] barred by the Eleventh Amendment."); *Gorneleh v. City of Kettering*, Case No. 3:17-cv-181, 2017 U.S. Dist. LEXIS 166879, at *9 ("Insofar as [the plaintiff] asserts claims against Judges Dressel and Long in their official capacities, the undersigned notes that such claims are essentially claims against the Kettering Municipal Court, and are barred by the Eleventh Amendment.").

Because Plaintiff brings this suit against Defendant in his official capacity, the Court construes Plaintiff's allegations as a suit against the Medina County Court of Common Pleas, an arm of the State. *Basinski*, 105 F.3d 264, 270. The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *WCI, Inc.*, 2020 U.S. Dist. LEXIS 73373, at *8. In light of the above, and because Plaintiff has failed to advance any arguments to the contrary, the Court finds that Plaintiff's official capacity claims are barred by Defendant's Eleventh Amendment immunity and are subject to dismissal under Federal Rule of Civil Procedure 12(b)(1). Yet, the Court is aware that Plaintiff's Complaint alleges claims against Defendant in his official and individual capacity. Therefore, the Court will examine Defendant's individual capacity claims under the 12(b)(6) standard applied below.

**B.  Rule 12(b)(6)**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

When determining whether the facial plausibility standard is met, courts must accept all factual allegations as true and construe the complaint in the light most favorable to the nonmoving party. *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 384 (6th Cir. 2009). Moreover, the Court must "liberally construe pro se complaints and hold such complaints to a less stringent standard than pleadings prepared by attorneys." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976 (6th Cir. 2012). At the same time, however, such "lenient treatment has limits" and the court "should not have to guess at the nature of the claim asserted . . . ." *Id.* at 977 (internal quotations omitted). Relatedly, "Plaintiff's status as a *pro se* litigant does not discharge him from adhering to the requirements of the Federal Rules of Civil Procedure." *Longino v. City of Cincinnati*, Case No. 1:12-cv-424, 2013 WL 831738, at *2 (S.D. Ohio Mar. 6, 2013).

Defendant argues that he is entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for two primary reasons. (ECF No. 4 at 6-8). First, Defendant contends that dismissal is proper because "Plaintiff's Complaint alleges no more than unsupported, formulaic labels and conclusions that are wholly insufficient under federal pleading standards." (*Id.* at 6). And, second, Defendant argues that this Court must dismiss Plaintiff's Complaint because it "requests relief that is entirely outside the jurisdictional bounds of this Court." (*Id.* at 8). This Court agrees.

At the 12(b)(6) phase, the Court must draw all reasonable inferences in favor of Plaintiff. *See Iqbal*, 556 U.S. at 678; *see also Hotels.com, L.P.*, 590 F.3d at 384. Still, the Court "need not accept as true legal conclusions or unwarranted factual inferences. . . ." *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2006). Legal conclusions and unwarranted factual inferences are

6

exactly what is alleged in Plaintiff's Complaint. As stated above, the Complaint is wholly devoid of specific factual allegations germane to Defendant's conduct. As a result, Plaintiff has failed to allege plausible facts rising above mere speculation to suggest that Defendant violated his constitutional rights. Moreover, the Complaint fails to clarify how each allegation supports any of the constitutional claims asserted therein. Through his Complaint, Plaintiff has, in essence, thrown a concoction of conclusory constitutional allegations against the wall, hoping that one might stick. This tactic is not enough to survive Defendant's 12(b)(6) challenge. As such, the Court agrees with Defendant that the remainder of Plaintiff's claims are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).

## IV

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED**. (ECF No. 4). Consequently, Plaintiff's Complaint is **DISMISSED with prejudice.** (ECF No. 1). And the Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**8/25/2020**                                                        s/Edmund A. Sargus, Jr.
**DATE**                                                              **EDMUND A. SARGUS, JR.**
                                                                      **UNITED STATES DISTRICT JUDGE**